# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No: 0419 3:12CR00385-001 |
| Ronald Centeno ) | |
| ) | USM No: 27991-058 |
| Date of Original Judgment: 7/30/2014 ) | |
| Date of Previous Amended Judgment: 9/15/2015 ) | Pro Se |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☐ DENIED. ☒ GRANTED and the defendant's previously imposed **aggregate** sentence of imprisonment *(as reflected in the last judgment issued)* of 185 months **is reduced to** 168 months .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 9/23/2015 , shall remain in effect.

**IT IS SO ORDERED**.

Signed: February 8, 2024

*[signature]*

Frank D. Whitney
United States District Judge

Effective Date: _____
*(if different from order date)*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Ronald Centeno
CASE NUMBER: 0419 3:12CR00385
DISTRICT: Western District of North Carolina

### I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

| | |
|---|---|
| Previous Total Offense Level: 27 | Amended Total Offense Level: 27 |
| Criminal History Category: IV | Criminal History Category: III |
| Previous Guideline Range: 100 to 125 months | Amended Guideline Range: 87 to 108 months |

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.
☒ Other (explain): The aggregate reduced sentence is above the amended guideline range because it includes a 60-month consecutive sentence on Count 2.

### III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

Defendant is eligible for a reduction under Amendment 821 of the United States Sentencing Guidelines because his aggregate sentence of 185 months was based on a total offense level of 27 and a criminal history category of IV. Under revised Section 4A1.1 of the Sentencing Guidelines, Defendant scores five criminal history points for a criminal history category of III and an amended guideline range of 87 to 108 months, plus 60 months consecutive on Count 2, which carries a mandatory minimum term of imprisonment. The Court has considered the sentencing factors set forth in 18 U.S.C. Section 3553(a) in rendering an appropriate reduced sentence and finds that a sentence of 168 months is sufficient but not greater than necessary to serve the purposes of sentencing.